UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sandra D. Stover,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-2742

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Sandra D. Stover ("Plaintiff") applied for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Compl., ECF No. 4. The applications were denied initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R&R 1, ECF No. 20. The ALJ held two hearings and then issued a decision denying benefits. *Id.* The Appeals Council denied Plaintiff's request for review, and Plaintiff sued in this Court. *Id.*

Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's denial of benefits. R&R, ECF No. 20. Plaintiff timely objected.

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

On objection, Plaintiff contends the ALJ failed to properly evaluate the opinions of her treating physician, Dr. Jeffrey Haggenjos ("Dr. Haggenjos"). Obj. 2–5, ECF No. 21. She first suggests that because his opinions were well-supported and not inconsistent with other record evidence, the ALJ should have assigned his opinions controlling weight. *Id.* at 3. To that end, Plaintiff argues the record, as a whole, supports Dr. Haggenjos's opinions. *Id.* at 3–4. Alternatively, Plaintiff argues that, even if Dr. Haggenjos's opinions are not entitled to controlling weight, the fact that some record evidence supports the opinions shows the ALJ erred in assigning them only little weight. *Id.* at 4.

Dr. Haggenjos appears to have been Plaintiff's primary care physician, and in April 2018, he offered opinions about the limitations caused by Plaintiff's mental health conditions. Dr. Haggenjos diagnosed Plaintiff as suffering from anxiety, depression, and mild paranoia. AR 686, ECF No. 16. He opined that Plaintiff was extremely impaired in her ability to: (1) accept instruction from or respond appropriately to criticism from supervisors or superiors; (2) relate to the general public and maintain socially appropriate behavior; (3) perform and complete work tasks in a normal work day or week at a consistent pace; (4) work in cooperation with or proximity to others without being distracted by them; (5) carry through instructions and complete tasks independently; (6) maintain attention and concentration for more than brief periods of time; (7) perform at

expected production levels; (8) respond appropriately to changes in the work setting; (9) behave predictably, reliably, and in an emotionally stable manner; and (10) tolerate customary work pressures. *Id.* at 688–90. He additionally opined Plaintiff was markedly impaired in her ability to: (1) work in coordination with or proximity to others without distracting them or exhibiting behavioral extremes; (2) respond appropriately to co-workers or peers; (3) process subjective information accurately and use appropriate judgment; (4) remember locations, workday procedures, and instructions; and (5) be aware of normal hazards and take necessary precautions. *Id.* at 688–89. Due to these impairments, Dr. Haggenjos opined that Plaintiff would be absent from work five or more times per month. *Id.* at 690. The ALJ gave those opinions little weight. *Id.* at 26.

In reviewing the ALJ's decision, the Court first determines whether the ALJ properly declined to afford Dr. Haggenjos's opinions controlling weight; if so, the Court considers whether the ALJ gave good reasons, supported by substantial evidence, for giving the opinions little weight.

The ALJ properly failed to give Dr. Haggenjos's opinions controlling weight because they were inconsistent with other objective evidence. First, the ALJ correctly noted that Plaintiff's mental health symptoms were well controlled when she complied with her treatment plan of medication and therapy. *Id.* at 24. Specifically, the ALJ cited Exhibits B9F, B14F, and B19F, to show that, between February 2016 and November 2018, Plaintiff found a treatment plan that worked for her and kept her mental health symptoms under control. *Id.* Second, the ALJ

cited observations of Plaintiff at her routine doctor appointments as well as her ability to perform activities of daily living that contradicted Dr. Haggenjos's opinions. *Id.* (citing Exhibits B2F, B3F, B8F, B9F, B10F, B11F, B14F, B19F, and B4E). Because Dr. Haggenjos's opinions were, indeed, inconsistent with that cited record evidence, the ALJ properly failed to give his opinions controlling weight.

Plaintiff argues that the record, as a whole, supports Dr. Haggenjos's opinions. Obj. 3–4, ECF No. 21. She cites several portions of the record that she claims support Dr. Haggenjos's opinions. Much of the records Plaintiff cites, *e.g.*, AR 422–37, 442–52, ECF No. 16, predate the period of disability at issue. Furthermore, while the portions Plaintiff cites do support the conclusion that Plaintiff suffers from depression and anxiety, many actually contradict Dr. Haggenjos's opinions on the extreme limitations those disorders cause. *See id.* at 448, 458–59 (noting, contrary to Dr. Haggenjos's opinion, that Plaintiff's judgment and insight were intact and her attention span was normal); *id.* at 519 (noting Plaintiff denied arguing with coworkers and got along well with supervisors); *id.* at 524–26 (opining Plaintiff was able to remember, understand, and carry out instructions in the workplace and would have little to somewhat elevated risk for responding inappropriately to coworkers and supervisors). In any event, although there may be some record evidence that supports some of Dr. Haggenjos's opinions, as shown above, the opinions are inconsistent with the

record as a whole. The ALJ therefore did not err in failing to accord controlling weight to the opinions.

The ALJ also gave good reasons for giving Dr. Haggenjos's opinions little weight. As a procedural matter, the ALJ's decision was specific enough to make clear the weight she gave Dr. Haggenjos's opinions as well as the reasons for that weight. *See id.* at 26 (explaining the ALJ assigned "little weight" to Dr. Haggenjos's opinions because Plaintiff required only conservative treatment, was frequently observed to not have deficits in the categories Dr. Haggenjos found deficits, and Plaintiff's ADLs were inconsistent with someone with such severe limitations); *see also id.* at 20, 24 (further detailing evidence inconsistent with Dr. Haggenjos's opinions).

Plaintiff's argument on objection really asserts that the ALJ's "good reasons" were not themselves supported by substantial evidence and, as such, did not constitute good reasons at all. Specifically, Plaintiff attacks two of the reasons the ALJ provided for assigning little weight to Dr. Haggenjos's opinions. First, Plaintiff argues that the ALJ's crediting of the state agency psychologists' opinions is not a good reason for assigning little weight to Dr. Haggenjos's opinions. Obj. 2–3, ECF No. 21.

This objection may be rejected out of hand. The ALJ did not assign little weight to Dr. Haggenjos's opinions because those opinions conflicted with the state agency psychologists' opinions. Rather, the ALJ gave Dr. Haggenjos's opinions little weight because they were inconsistent with Plaintiff's mental health

treatment, the observations of Plaintiff during treatment sessions, and her ADLs. *Id.* at 26. The ALJ did not even mention the state agency psychologists' opinions in articulating the weight assigned to Dr. Haggenjos's opinions. *See id.* In other words, the ALJ gave Dr. Haggenjos's opinions little weight and, separately, gave the state agency psychologists' opinions great weight, *see id.* at 24–25, but the latter was not the reason for the former. This objection therefore lacks merit.

Second, Plaintiff argues the ALJ improperly discredited Dr. Haggenjos's opinions on the basis that Plaintiff merely underwent conservative treatment for her mental health, consisting solely of therapy and medication. Specifically, she argues that medication and therapy are "the normal course of action for mental health impairments" and that there is "no other extreme treatment that [Plaintiff] could undergo in relation to her mental health impairments." Obj. 3, ECF No. 21. Because there is no more extreme treatment that Plaintiff could have, but did not, utilize, she argues the ALJ should not have discredited Dr. Haggenjos's opinions on this basis. *Id.*

This objection is also unpersuasive. The ALJ's conclusion was not so much premised on the extremity of the treatment (or lack thereof) as the fact that "there [did] not appear to be any change in the claimant's mental functioning from the date of the prior decision." AR 20, ECF No. 16. A prior ALJ denied benefits based on mental impairments due, in part, to Plaintiff's conservative treatment history, normal observations during treatment, and her extensive activities of daily living. *Id.* at 22 (citing Ex. B1A at 12–14). In connection with Plaintiff's

current application, the second ALJ was bound by the mental residual functional capacity unless Plaintiff showed a material change in facts or law. Acquiescence Ruling 98-4(6), 1998 WL 283902; *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837, (6th Cir. 1997). Plaintiff makes no effort on objection to show that her course of treatment from December 16, 2015, onward, conservative or not, was a material change from the course of treatment she received before the prior denial of benefits. Without showing that her course of treatment changed between the prior denial and her current application, the ALJ properly found that her *continued* conservative treatment was evidence of no material change in her mental residual functional capacity, especially because her treatment notes showed that her symptoms were well controlled when she complied with that regimen. *See* AR 24, ECF No. 16 ("While the record reflects additional mental health diagnoses, there does not appear to be any change in the claimant's mental functioning from the date of the prior decision.").

Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**